Rose FRANCIS, Plaintiff–Appellant,

v.

ELMSFORD SCHOOL DISTRICT, Wayne Harders, Dr. Carol Franks–Randall, and Board of Education Elmsford School District, Defendants–Appellees.

No. 06–2742–cv.

United States Court of Appeals, Second Circuit.

Feb. 8, 2008.

Andrew J. Schatkin, Jericho, NY, for Appellant.

Lewis R. Silverman, Jennifer H. Pymm, Rutherford & Christie LLP, New York, NY, for Appellees.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Rose Francis appeals from the May 24, 2006 judgment of the United States District Court for the Southern District of New York (*Baer, J.*), awarding summary judgment on her age discrimination and hostile work environment claims to Defendants–Appellees (collectively "Elmsford"). We assume familiarity with the underlying facts and procedural history of the case, and the issues on appeal.

Ms. Francis is an elementary school teacher employed by the Elmsford School District. She was born in 1935. Ms. Francis claims that because of her age, in July 2002, Elmsford transferred her from teaching second grade in a classroom to teaching Academic Intervention Services ("AIS," somewhat comparable to special education) in a hallway. Ms. Francis also asserts that she was unfairly transferred among several different teaching assignments in the district in the late 1990s and early 2000s; provided with an uncomfortable student chair once she was transferred to the hallway; not given a job description relating to her new AIS duties; forced to go up and down stairs to store and retrieve her personal effects; and denied a budget for teaching materials.

We review a district court's award of summary judgment *de novo,* viewing all facts in the light most favorable to the non-moving party. *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003). Claims brought under the Age Discrimination in Employment Act ("ADEA") are governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). "First, the plaintiff must prove by a preponderance of the evidence a *prima facie* case of discrimination.... Second, if the plaintiff succeeds in establishing a *prima facie* case of age discrimination, then the burden shifts to the defendant to articulate a non-discriminatory reason for the employee's rejection. Third, if the defendant meets this burden of production, the presumption drops away ... and the plaintiff must prove by a preponderance of the evidence that the defendant's explanations were pretextual." *D'Cunha v. Genovese/Eckerd Corp.,* 479 F.3d 193, 195 (2d Cir.2007) (internal citations omitted). "A *prima facie* case of age discrimination requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination." *Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 238 (2d Cir.2007). The burden of establishing a *prima facie* case of employment discrimination is minimal. *McPherson v. New York City Dep't of Educ.,* 457 F.3d 211, 215 (2d Cir.2006).

A plaintiff bringing a hostile work environment claim under the ADEA must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." *Kassner,* 496 F.3d at 240 (citations and internal quotation marks omitted). "Minor incidents do not merit relief.... To establish a hostile work environment, plaintiffs must prove that the incidents were sufficiently continuous and concerted to be considered pervasive. A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class." *Id.* at 240–41 (internal citations and quotation marks omitted).

We find that Ms. Francis set forth a *prima facie* case of age discrimination. She was a member of a protected class. Her many positive teaching evaluations and years of experience as an elementary school teacher rendered her qualified for her desired position. Ms. Francis alone was assigned to teach in a hallway and her teaching responsibilities were diminished; this alteration in working conditions constituted an adverse employment action. Finally, we note that she was replaced (albeit temporarily) by a younger teacher, supporting an inference of discrimination on the basis of age. *See, e.g., D'Cunha,* 479 F.3d at 195 (making an inference of discrimination based on the fact that one of the individuals who was offered a position in place of the plaintiff was eight years younger, and opining that "[t]his difference in age—though not large—is significant enough to support an inference in D'Cunha's favor.").

■ Elmsford has, however, successfully articulated a non-discriminatory reason for Ms. Francis' reassignment: concerns about her teaching that coalesced in the 2001–2002 school year, the year before she was reassigned. During that year, Ms. Francis attempted to retain two students in second grade, precipitating parental complaints, scrutiny of her teaching methods, and the removal of one student from her class.

Ms. Francis did not prove that these stated reasons were pretextual and that Elmsford was motivated by age-based

bias. She admitted that no school official ever made any comments to her about her age. Further, there is no indication that older teachers within the school district were in any way treated differently than younger ones. Consequently, we affirm the district court's award of summary judgment to Appellees on Appellant's age discrimination claim.

■ We also affirm the district court's grant of summary judgment on Ms. Francis' hostile work environment claim. Many of the conditions about which she complained—her chair, and lack of budget and job description—were remedied within a few months of her reassignment to AIS. As to Ms. Francis' location in the hallway, we are not convinced that these conditions constitute "discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment."

Having carefully considered Ms. Francis' remaining arguments and finding them without merit, we hereby AFFIRM the judgment of the district court.