Patrick F. D'CUNHA, Plaintiff–
Appellant,

v.

GENOVESE/ECKERD
CORPORATION, Defendant–Appellee.

Docket No. 04–0391–CV.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 3, 2005.

Decided: Feb. 27, 2007.

Patrick F. D'Cunha, Flushing, New York, Plaintiff–Pro–Se–Appellant.

James Bucci, Esq., Spector, Gadon & Rosen, P.C., Philadelphia, PA, for Defendant–Appellee.

Before WALKER, HALL and GIBSON,[1] Circuit Judges.

PER CURIAM.

Plaintiff–Appellant Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey. Defendant–Appellee Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain of drug stores. In 2001, at the age of 49, D'Cunha saw a job advertisement for a pharmacist's position at Eckerd. D'Cunha applied for the job and had an initial telephone inter-

---

1. The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

view with Jennifer Dolan, Eckerd's Pharmacy Recruiter in August, 2001. During the interview, D'Cunha told Dolan he was flexible and could work on holidays and weekends. Ms. Dolan evaluated D'Cunha according to Eckerd's structured interview questionnaire, which ranks job candidates on a numeric scale. D'Cunha's performance during the interview, combined with his skills and experience, earned him a "Total Acceptable Rating" of seven and a "Total Unacceptable Rating" of one. These scores qualified D'Cunha for employment at Eckerd.

One month later, Eckerd's district supervisor, Jimmy Tran, called D'Cunha and asked to interview him in person the next day. During the interview, Tran explained repeatedly to D'Cunha the rigors of the job and asked why D'Cunha had not become licensed as a pharmacist in New York. D'Cunha stated that he would work any shift, anywhere, including weekends.

In February 2002, D'Cunha, then 50 years old, interviewed for a second time with Tran. During the interview, D'Cunha repeated his willingness to take any shift, anywhere, including weekends. Tran informed D'Cunha about a job opening in Sussex, New Jersey. Tran erroneously told D'Cunha the "District Pharmacy Supervisor" at the Sussex store was in charge of hiring, leading D'Cunha to believe Tran was not able to extend him a job offer for the opening in Sussex. Additionally, Tran told D'Cunha the Sussex location was not accessible by public transportation and refused to give D'Cunha details of the exact location of the store, despite D'Cunha's repeated requests for that information. Tran subsequently offered pharmacist positions to two younger individuals, Arlene Stern, then aged 47, and Deanna Babeu, then aged 42. Although the job posting to which D'Cunha had responded sought entry level pharma-

cists, Tran stated that he offered positions to Stern and Babeu, and not D'Cunha, because D'Cunha lacked job experience. Stern, a pharmacy manager at CVS, a competitor, declined the job offer. In March, 2002, after D'Cunha's second job interview, Tran hired Babeu for the Sussex job.

D'Cunha filed a timely age discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that Eckerd's reasons for not hiring him were pretexts for age discrimination. The EEOC determined that it was "unable to conclude that the information obtained establishes violations of the statutes" and issued a right-to-sue letter.

Thereafter, D'Cunha filed a complaint in the United States District Court for the Eastern District of New York, alleging violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34. The district court granted summary judgment to Eckerd, holding "D'Cunha's meager, unsupported allegations of age discrimination are insufficient to establish a prima facie case of age discrimination, making summary judgment appropriate." D'Cunha appealed.

## Standard of Review

We review an award of summary judgment de novo, viewing all facts and construing all ambiguities in the light most favorable to the non-moving party. Fed. R.Civ.P. 56(c); *see also Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003). We must draw all permissible factual inferences in favor of the party opposing summary judgment. *Terry v. Ashcroft*, 336 F.3d at 137.

## Discussion

The ADEA prohibits discrimination in employment on the basis of age against persons aged 40 or older. 29 U.S.C. §§ 623(a)(1), 631(a). Claims under the

ADEA are governed by the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Tex. Dep't Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir.2006). First, the plaintiff must prove by a preponderance of the evidence a prima facie case of discrimination. To achieve this prima facie case, a plaintiff must show membership in the protected age group, qualifications for the jobs at issue, an adverse employment action, and that the adverse action occurred under circumstances giving rise to an inference of discrimination. *Terry v. Ashcroft*, 336 F.3d at 137–38. Second, if the plaintiff succeeds in establishing a prima facie case of age discrimination, then the burden shifts to the defendant to articulate a non-discriminatory reason for the employee's rejection. Third, if the defendant meets this burden of production, the presumption drops away, *Fisher v. Vassar Coll.*, 114 F.3d 1332, 1337 (2d Cir.1997), and the plaintiff must prove by a preponderance of the evidence that the defendant's explanations were pretextual. *Id.* at 138.

In this case, the district court failed properly to apply this burden-shifting framework. Undertaking that analysis, we conclude that there remains a genuine issue of material fact. Under the first step of *McDonnell Douglas*, we note that D'Cunha, aged 49 and 50 at the relevant times, is within the ADEA protected class. D'Cunha was also qualified for the job; a licensed pharmacist, D'Cunha met the standards of Eckerd's employability test. Moreover, D'Cunha suffered an adverse employment action; Eckerd rejected him twice, instead offering jobs to two other people. These circumstances give rise to an inference of discrimination; one of the individuals who was offered a position was eight years younger than D'Cunha. *Terry v. Ashcroft*, 336 F.3d at 137–38. This difference in age—though not large—is significant enough to support an inference in D'Cunha's favor. *Cf. Tarshis v. Riese Org.*, 211 F.3d 30, 38 (2d Cir.2000), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (stating that, on a motion to dismiss, an inference of discrimination may be based upon an age difference of as little as eight years).

■ Under the second step of *McDonnell Douglas*, Eckerd may respond to D'Cunha's prima facie case by "articulat[ing] some legitimate, non-discriminatory reason for the employee's rejection." 411 U.S. at 802, 93 S.Ct. 1817. To this end, Eckerd asserts the job Tran offered to Stern is not comparable to the job it could have offered D'Cunha because Stern had 25 years of pharmacy managerial experience. In addition, Eckerd asserts, after D'Cunha's first interview, there were no full-time jobs available in New Jersey for which Tran had the authority to hire new employees and, moreover, Stern and Babeu were both of such an age as to fall within the protected class. Finally, Eckerd maintains that D'Cunha only wanted full-time work near public transportation, and so Tran did not offer D'Cunha the Sussex job. One of Eckerd's assertions is not legitimate. As D'Cunha quite correctly argues, the hiring of a person within the protected age group, Babeu, instead of D'Cunha is not determinative; under the ADEA, "the fact that one person in the protected class has lost out to another person in the protected class is ... irrelevant, so long as he has lost out *because of his age.*" *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct.

**196**

1307, 134 L.Ed.2d 433 (1996). But otherwise, these assertions represent legitimate non-discriminatory reasons for rejecting D'Cunha's application. Thus, Eckerd met its burden of production under step two of *McDonnell Douglas. Fisher,* 114 F.3d at 1337.

 Under the third step of *McDonnell Douglas,* D'Cunha bears the burden of demonstrating Eckerd's reasons were pretextual. Accordingly, D'Cunha argues that although Stern was offered a job because she had prior experience, no managerial experience was required for the job. In addition, notes D'Cunha, the record indicates that as of August 23, 2001, there were eight full-time pharmacist positions open in Tran's area. Finally, although Tran's asserted reason for not offering D'Cunha the Sussex job was that he thought Tran would not want it because it was inaccessible by public transportation, the record indicates that the Sussex store is, in fact, accessible by public transportation.

This analysis reveals that there remain genuine issues of material fact as to whether the reasons given for not hiring D'Cunha were pretextual such that a jury could reasonably find that D'Cunha suffered an adverse employment action because of his age. The district court's order granting summary judgment is therefore reversed and the case is remanded with instructions to deny Eckerd's motion for summary judgment.

### Conclusion

For the foregoing reasons, we VACATE the decision of the district court and REMAND with instructions to deny Eckerd's motion for summary judgment.