**Osmond BROWN, Plaintiff–Appellant,**

v.

**Henry M. PAULSON, Jr., Secretary of the Treasury,\* Defendant–Appellee.**

No. 06–1818–cv.

United States Court of Appeals, Second Circuit.

May 24, 2007.

---

\* The Clerk of the Court is directed to substitute Secretary of the Treasury, Henry M. Paulson, Jr., for the named defendants, former Secretaries of the Treasury, John W. Snow and Paul H. O'Neill, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Joseph A. Pantoja, Assistant United States Attorney, Of Counsel (Sara L. Shudofsky, Assistant United States Attorney, Of Counsel, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Ambrose Wotorson, Law Office of Ambrose Wotorson, Brooklyn, NY, for Defendant–Appellant.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. J. GARVAN MURTHA,\*\* District Judge.

---

\*\* The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Osmond Brown appeals from a March 13, 2006 judgment of the United States District Court for the Southern District of New York (Lynch, *J.*) granting defendant-appellee's motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a grant of summary judgment *de novo*. In so reviewing, we construe "all ambiguities in the light most favorable to the non-moving party" and "draw all permissible factual inferences in favor of the party opposing summary judgment." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir.2007) (per curiam).

As an initial matter, the district court dismissed Brown's claims of failure to promote and discriminatory reassignment, which he alleged in his amended complaint, because these claims were unexhausted. Plaintiff does not challenge this determination, so we deem any such claim waived. *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 308 n. 1 (2d Cir.2005).

Plaintiff's remaining claims fail because he has not presented sufficient evidence to demonstrate that he suffered an adverse employment action as is required to present a prima facie case of discrimination or retaliation. *See Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir.2004); *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir.2001).

A plaintiff alleging retaliation "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. and Santa Fe Ry. Co. v. White*, —— U.S. ——, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) (internal quotation marks omitted). Brown's claims fail because he has not put forth any evidence that the failure to assign him certain grade 13 returns was sufficient to satisfy this standard. Furthermore, there is no evidence that the lack of higher-grade returns affected Brown's advancement prospects. Brown points to a statement on his promotion application which indicates "experience in corporations appears minimal." The district court correctly found that this statement does not support the inference that Brown had insufficient corporate experience because of a lack of certain grade 13 returns. That evaluation was done after Brown was transferred out of the Large and Mid–Size Business Division, where he had only worked for roughly a year and a half. In short, "given the record before us," the "deprivation," here of certain grade 13 returns, "may be classified as de minimis," and is therefore not an adverse employment action. *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 227 (2d Cir. 2006); *see also id.* at 228 ("Insofar as Zelnik claims that the status of professor emeritus carries with it things of intangible value, such as prestige, status, and respect within the FIT and wider academic community, he has failed to adduce any evidence of such matters beyond his conclusory statements.").

As to Brown's substantive discrimination claim, he must show that he endured "a materially adverse change in the terms and conditions of employment," which "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks omitted). Brown has not demonstrated a materially adverse change in his terms and conditions of employment. His portfolio of audits did not affect his salary, benefits, title, or essential job responsibilities.

656

We have considered the plaintiff's-appellant's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED**.