**Robert HONECK, Plaintiff–Appellant,**

v.

**NICOLOCK PAVING STONES
OF NEW ENGLAND, LLC,
Defendant–Appellee.**

No. 06–4415–cv.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2007.

Marc L. Glenn, Law Office of W. Martyn Philpot, Jr., LLC, New Haven, Conn., for Plaintiff–Appellant.

Andrew A. Cohen, Letizia, Ambrose & Falls, P.C., New Haven, Conn., for Defendant–Appellee.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Robert Honeck appeals from an August 23, 2006 judgment of the United States District Court for the District of Connecticut (Arterton, *J.*) granting summary judgment to Defendant–Appellee Nicolock Paving Stones of New England, LLC ("Nicolock") on Appellant's claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq. See Honeck v. Nicolock Paving Stones*, Civil No. 3:04cv1577 (JBA), 2006 WL 2474950, at *1 (D.Conn. Aug. 25, 2006). We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

This Court reviews a district court's grant of summary judgment *de novo. New York v. Nat'l Serv. Indus.*, 460 F.3d 201, 206 (2d Cir.2006). "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir.1998); *see also* Fed.R.Civ.P. 56(c). In determining whether there is a genuine issue of material fact, we must resolve all ambiguities, and draw all inferences, against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987). Mere speculation and conjecture are insufficient to avoid summary judgment. *Western World*

*Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990).

For substantially the reasons stated in the district court's August 25, 2006 opinion, we hold that Appellant's claims were properly dismissed.

We evaluate claims under ADEA using the three-prong burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194–95 (2d Cir.2007). While Honeck has made out a prima facie case of age discrimination, he has failed to satisfy prong three of our framework, which requires that he present evidence sufficient to allow a reasonable juror to find that Nicolock's legitimate, non-discriminatory explanation for its actions was pretextual. *Id.* at 195. It is undisputed that in the months immediately preceding Nicolock's decision to ask Honeck to resign, Nicolock management received reports that Honeck had made derogatory comments to Nicolock customers about the company's leadership and products. Honeck claims that those reports were not true. But this assertion does not create a germane factual dispute. The issue is not the veracity of the reports, but whether the Nicolock executives who made the termination decision believed that they were true. And their belief in the reports is not controverted. *See Cameron v. Comm. Aid for Retarded Children*, 335 F.3d 60, 65 (2d Cir.2003).

Honeck, however, could be read to assert that, even if Nicolock's explanation for his termination was not pretextual, age discrimination "was at least one of the motivating factors" behind Nicolock's decision. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d

Cir.2004) (internal marks and citation omitted). This position is unavailing. The scattered, possibly ageist, comments that Honeck cites are so "remote and oblique" to the adverse action that they provide minimal support for his allegation. *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir.2007). Without more, they do not allow Honeck's age discrimination claim to survive summary judgment. *See Danzer v. Norden Systs., Inc.*, 151 F.3d 50, 56 (2d Cir.1998).

■ Honeck's disability discrimination claim fails because a reasonable juror could not find by a preponderance of the evidence that Honeck was disabled within the meaning of the ADA. *See Heyman v. Queens Vill. Comm. for Mental Health*, 198 F.3d 68, 72 (2d Cir.1999). While Honeck has produced evidence that he suffers from depression, he has not shown that his depression "substantially limits one or more of the major life activities" contemplated by the ADA. *See* 29 C.F.R. § 1630.2(g) (defining "disability" under the ADA); *Giordano v. City of N.Y.*, 274 F.3d 740, 748 (2d Cir.2001).

Accordingly, the judgment of the district court is AFFIRMED.