Philip **MEDEIROS**, Plaintiff–
Appellant,

v.

**PRATT & WHITNEY POWER
SYSTEMS, INC.**, Defendant–
Appellee.

No. 06–4327–cv.

United States Court of Appeals,
Second Circuit.

April 4, 2008.

Gregg D. Adler, Nicole M. Rothgeb, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., Hartford, Connecticut, for Plaintiff–Appellant.

Victoria Chavey, Elizabeth A. Alquist, Eric L. Sussman, Douglas W. Bartinik, Day Pitney, LLP, Hartford, Connecticut, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges.

### *SUMMARY ORDER*

Plaintiff–Appellant Philip Medeiros appeals from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge),* granting summary judgment in favor of Defendant–Appellee Pratt & Whitney Power Systems, Inc. ("PWPS") on all of Medeiros's claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen.Stat. §§ 46a–60(a)(1) and 46a–100. Medeiros alleged that PWPS unlawfully terminated his employment on account of his age, and the District Court applied the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to these claims. In doing so, the District Court held that no genuine issue of material fact existed on the issue of whether PWPS's asserted reasons for terminating Medeiros's employment—*i.e.,* its general efforts to cut costs due to deteriorating

conditions for the energy industry in 2002 and the specific results of comparative assessment of the Project Management Group, as conducted by James Maus, the group supervisor—were pretext for unlawful discrimination.[1] For the reasons that follow, we conclude that the District Court erred in granting summary judgment in favor of PWPS and, therefore, we vacate the judgment of the District Court and remand for further proceedings consistent with this decision. We assume the parties' familiarity with the remaining background, procedural history, and issues on appeal.

The first basis for our vacatur lies in the District Court's consideration of evidence of pretext in the context of an employer's summary judgment motion. The District Court acknowledged the "subjective nature" of the Employee Assessment Matrix used by Maus to evaluate those in the Project Management Group, including Medeiros. The District Court also correctly noted that a subjective evaluation, without more, cannot permit a finding of pretext,

as long as the results of such an evaluation—and thus the reasons asserted for the adverse employment action—are "clear[,] ... specific, [and] honest." *Byrnie v. Town of Cromwell*, 243 F.3d 93, 104–05 (2d Cir.2001) (internal quotation marks omitted). In considering the Employee Assessment Matrix, the District Court found that it "provides fairly clear and specific reasons for the ranking of employees, and it is undisputed that PWPS utilized that matrix, and then dismissed the lowest-ranking employees."[2] Thus, in deciding to grant summary judgment in favor of PWPS, the District Court did not consider evidence of the subjective nature of the Employee Assessment Matrix to be part of Medeiros's "aggregate evidence of pretext" in the record. However, the District Court noted that the subjective nature of the assessment process required it to undertake "a particularly careful review of whether the record contains evidence that PWPS's explanation is not credible."

1. The District Court was arguably unclear as to whether its decision to grant summary judgment in favor of PWPS rested solely on this ground. In considering the fourth prong of a prima facie case of age discrimination under the *McDonnell Douglas* framework, the District Court stated that it "doubt[ed] that Medeiros ... made even the 'de minimus' [sic] prima facie showing that the circumstances surrounding the termination could lead a reasonable jury to infer that the discharge was motivated by age discrimination." Although the District Court also later characterized Medeiros's prima face case as "fairly weak," the District Court did not explicitly conclude that no reasonable jury could find, based on the evidence in the record, that Medeiros had not established a prima facie case of discrimination. As a result, we will assume, for purposes of this appeal, that the District Court granted summary judgment in favor of PWPS only on the ground that no reasonable jury could find that PWPS's asserted reasons for terminating Medeiros were pretextual.

2. It is unclear from the District Court's decision whether it made a factual finding regarding the clarity and specificity of the Employee Assessment Matrix or, instead, concluded that no reasonable jury could find that the assessment process was unclear and non-specific, as required by *Byrnie*, 243 F.3d at 104–05, to permit a finding of pretext. To the extent that the District Court failed to evaluate the evidence in the record from the perspective of what *any* reasonable jury could find, such an approach is inappropriate on a motion for summary judgment. *See Higazy v. Templeton*, 505 F.3d 161, 168–69 (2d Cir.2007) (stating that such a motion must be denied when, after "examining the evidence in the light most favorable to the nonmoving party, ... a reasonable jury could return a verdict for the nonmoving party" (internal citation and quotation marks omitted)). Indeed, a reasonable jury could conclude that one supervisor's assigning numbers merely based upon his own subjective evaluation of different aspects of a subordinate's job performance provides, at best, only unclear and non-specific reasons for that employee's termination.

In reviewing the record, the District Court identified two pieces of evidence that, in its view, might undermine the otherwise legitimate, nondiscriminatory reasons articulated by PWPS. First, despite having served as supervisor for only a few months when he completed the Employee Assessment Matrix for his subordinates, Maus did not "familiarize himself with the individual educational backgrounds or prior work experiences of the employees he was ranking." This failure contravened the relevant directions contained in the Employee Assessment Guidelines, and the District Court concluded that evidence on this issue "could be found probative of pretext." [3] Second, although Maus testified during his deposition that he had met with another supervisor named David Turley to determine whether Turley agreed with his assessments, Turley testified that he did not recall any such meeting. The District Court concluded that a reasonable jury could question Maus's credibility generally based on this inconsistency in the record.

Despite concluding that Medeiros had proffered evidence challenging the credibility of PWPS's explanation for his termination, the District Court nonetheless concluded that summary judgment was appropriate. In doing so, the District Court acknowledged that "[i]t is possible, although not obvious . . ., that [this evidence] . . . could persuade a reasonable jury to question as pretext [the employer's] explanation for Medeiros'[s] low ranking." Inexplicably, however, the District Court nonetheless decided to grant summary judgment because Medeiros's evidence of pretext was "fairly weak." On a motion for summary judgment, a district court must consider the evidence in the context of whether any reasonable finder of fact—not merely the district court itself—could return a verdict in favor of the non-moving party. *See Higazy v. Templeton*, 505 F.3d 161, 168–69 (2d Cir.2007). Moreover, the District Court's conclusion conflicts with the guidance of the Supreme Court that "[p]roof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Here, in granting summary judgment, the District Court improperly substituted its own assessment of the evidence of pretext for that of a reasonable jury. We have previously vacated a grant of summary judgment in such circumstances. *See, e.g., D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 196 (2d Cir.2007) (vacating a district court's grant of summary judgment in favor of an employer where the employee had proffered evidence that arguably undermined employer's reasons for failing to hire employee).

Furthermore, the District Court improperly excluded other evidence from its consideration of the "aggregate evidence of pretext" in the record. Despite the fact that Avram had supervised Medeiros for

---

3. As to the related evidence of Medeiros's past performance reviews, the District Court held that such evidence was not probative of pretext because the relevant Employee Assessment Guidelines state that the "key focus" of the evaluation was "the ability of the employee to perform under current and projected business conditions." As any reviews related only to Medeiros's *past* job performance, the District Court apparently did not consider them relevant to the issue of Medeiros's current performance. In this respect, the District Court erred because a reasonable jury could view such positive reviews as circumstantial evidence of Medeiros's abilities in 2002, notwithstanding Maus's evaluation to the contrary.

approximately fifteen months, the District Court excluded the Avram affidavit from its compilation of pretext evidence because Avram did not supervise Medeiros or any other employee in the Project Management Group in 2002. However, Avram specifically states, in his affidavit, that he would have ranked Medeiros "among the top two or three" and that a "fair comparison of these employees could not have resulted in Mr. Medeiros' being ranked in the bottom three." While the probative value of this evidence is weakened by the fact that Avram left PWPS in July 2001, a reasonable jury could nonetheless view the Avram affidavit as circumstantial evidence undermining the credibility of Maus's evaluation of Medeiros and his peers, thus serving as evidence of pretext. *See Reeves*, 530 U.S. at 147, 149, 120 S.Ct. 2097. This is particularly possible given the fact that Avram's tenure as Manager of the Project Management Group was significantly longer than Maus's few months in the position at the time that Maus completed the Employee Assessment Matrix for each of his subordinates. Indeed, the District Court itself noted that "Avram's statement could lead a reasonable jury to infer that Medeiros had qualities that made him a good employee."

In excluding the Avram affidavit, the District Court relied on *Byrnie* to hold that an employee seeking to prevent summary judgment on his discrimination claim solely on the basis of a discrepancy in qualifications must demonstrate that his credentials were "so superior to the credentials of the person selected for the job that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" 243 F.3d at 103 (quoting *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir.1999)). However, *Byrnie* also held that the mere fact that such a discrepancy in qualifications between an unsuccessful job applicant and the successful applicant is not sufficient, without more, to withstand summary judgment does not strip such evidence of all probative value whatsoever. *See id.* In *Byrnie*, we vacated the district court's grant of summary judgment in favor of the employer on the plaintiff's disparate treatment claims on the ground that a reasonable jury could find the employer's reasons for failing to hire the plaintiff were not credible due to the discrepancy in qualifications *and* the employer's digressions from its established hiring procedures when considering the successful candidate's application. *See id.* at 103–04. Here, the District Court erred in excluding the Avram affidavit from its consideration of the "aggregate evidence of pretext" in the record and thereby concluding, in essence, that the affidavit lacked any probative value on Medeiros's discrimination claims.[4]

For the foregoing reasons, we VACATE the judgment of the District Court and

---

4. The District Court appears to have erred, for similar reasons, in concluding that evidence of differences in education and work experiences between Medeiros and favorably treated employees in the Project Management Group was not probative of pretext. As in its analysis of the Avram affidavit, the District Court examined whether "no reasonable person, in the exercise of impartial judgment" would have ranked these individuals above Medeiros based solely on this evidence. The proper inquiry is simply whether the evidence has *any* probative value on the issue of whether the employer's reasons for Medeiros's termination were credible. *See Byrnie*, 243 F.3d at 103–04. After considering evidence of Medeiros's and his peers' education and work experiences in isolation from all of evidence of pretext to conclude that this evidence, without more, would not support a jury's finding of pretext, the District Court then erroneously held that the evidence lacked any probative value whatsoever.

REMAND the case for further proceedings.