**Amar GUEYE, Plaintiff–Appellant,**

v.

**Carlos M. GUTIERREZ, Secretary, Department of Commerce, Defendant–Appellee.**

No. 07–0662cv.

United States Court of Appeals, Second Circuit.

May 7, 2008.

---

Amar Gueye, Cincinnati, OH, Pro Se, Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Lawrence H. Fogelman and Jeffrey S. Oestericher, Assistant United States Attorneys, New York, NY, for Appellee.

Present: JOSEPH M. McLAUGHLIN and ROSEMARY S. POOLER, Circuit Judges, DENISE COTE,* District Judge.

### SUMMARY ORDER

Amar Gueye appeals from the District Court's summary-judgment dismissal of his Title VII claims for racial, religious, and national origin discrimination and retaliation. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■ We agree with the District Court that Gueye did not assert a prima facie claim for religious discrimination because he did not allege that he was disciplined for failing to comply with an employment demand that conflicted with his religious beliefs. *See Knight v. Conn. Dep't of Pub. Health,* 275 F.3d 156, 167 (2d Cir.2001). Assuming without deciding that Gueye established a prima facie case of racial or national origin discrimination or retaliation, defendant articulated legitimate, non-discriminatory reasons for the alleged adverse employment actions—refusing to transfer Gueye, demoting him, and ultimately terminating his employment. Gueye, therefore, was required to offer evidence from which a rational fact finder could find that defendant's reasons were pretextual and its true motivation discriminatory or retaliatory. *See D'Cunha v. Genovese/Eckerd Corp.,* 479 F.3d 193, 196 (2d Cir.2007) (per curiam). Because he did not do so, judgment was properly entered against him.

■ In the memorandum submitted on this appeal, Gueye complains that the District Court granted extensions of time to defendant and failed to provide for depositions of defendant's employees. These claims lack merit because (1) the District Court has discretion to grant extensions of time, *see* Fed.R.Civ.P. 6(b), and Gueye does not establish that the District Court abused its discretion; and (2) Gueye does not claim and the record does not demonstrate that he requested that the District Court order the deposition of any of defendant's employees.

We, therefore, affirm the judgment of the District Court.

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.