09-1012-cv
Phillips v. Centrix Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand and nine.

Present: ROBERT D. SACK,
         RICHARD C. WESLEY,
                    *Circuit Judges*,
         JOHN F. KEENAN,
                    *District Judge.*[*]

_____

PAUL J. PHILLIPS,

                    *Plaintiff-Appellant*,

          - v. -                              (09-1012-cv)

CENTRIX INC.,

                    *Defendant-Appellee*.

_____

---

[*] The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

For Appellant: THOMAS W. BUCCI, Willinger Willinger & Bucci P.C., Bridgeport, Connecticut.

For Appellee: MICHAEL J. SOLTIS, Jackson Lewis LLP, Stamford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 13, 2009 order of the United States District Court for the District of Connecticut is **AFFIRMED.**

Plaintiff appeals from an order of the United States District Court for the District of Connecticut (Bryant, *J.*), which granted summary judgment in defendant's favor on his discrimination claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and declined to exercise supplemental jurisdiction over the remaining state-law claim in the complaint. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a grant of summary judgment, and ADEA claims in this Circuit are analyzed under the three-step framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g., Leibowitz v. Cornell Univ.*, 584 F.3d

487, 2009 WL 3403147, at *8 (2d Cir. Oct. 23, 2009).  There is no dispute here regarding the first two steps under *McDonnell Douglas*:  plaintiff established a *prima facie* case of age discrimination, and defendant satisfied its production burden of articulating a legitimate, non-discriminatory reason for plaintiff's termination.  *See D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 195 (2d Cir. 2007) (per curiam).

The focus of this appeal, then, is on the third step of the *McDonnell Douglas* framework, *i.e.*, the existence of discrimination *vel non*.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 77 (2d Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)).  In order to survive summary judgment at this stage of the analysis, a plaintiff must adduce sufficient evidence to support a reasonable inference "that age was the 'but-for' cause of the employer's adverse action."  *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009); *see also Leibowitz*, 2009 WL 3403147, at *8 n.2.

Viewing the record as a whole, we conclude that plaintiff has not satisfied this standard.  First, the statistical evidence cited by plaintiff is not probative of

3

but-for causation with respect to the adverse employment action at issue. *Cf. Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2000) ("[S]tatistics can only show a relationship between an employer's decisions and the affected employees' traits; they do not show causation."). Second, the two remarks by defendant's employees that are cited by plaintiff — neither of which were directed at him — reflect little, if any, age-based discriminatory animus. Indeed, plaintiff conceded in the proceedings below that these remarks were insufficient to establish even a *prima facie* case of age discrimination, which is a burden that we have described as "*de minimis*," *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 (2d Cir. 2001).

Finally, we find unpersuasive plaintiff's emphasis on defendant's explanation for its decision not to terminate a younger employee who had assumed some of plaintiff's job responsibilities in April 2006. Assuming, *arguendo*, that plaintiff's supervisor recommended that plaintiff be terminated in late 2005, and that the same supervisor reassigned some of plaintiff's job responsibilities to a younger employee in April 2006, there nevertheless remains a paucity of evidence that either of those decisions was

4

motivated by plaintiff's age rather than the business reasons articulated by defendant.

Simply put, a factfinder could not rationally conclude from the sum of the evidence in the record that discrimination based on plaintiff's age was the "but-for" cause of his termination.  We have reviewed plaintiff's remaining arguments and find them to be without merit.  Accordingly, the February 13, 2009 order of the district court is hereby **AFFIRMED**.

                              For the Court
                              Catherine O'Hagan Wolfe, Clerk


                              By: _____

5