10-3179-cv
Baguer v. Spanish Broadcasting Sys., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
                    DEBRA ANN LIVINGSTON,
                              **Circuit Judge**,
                    JED S. RAKOFF,[*]
                              **District Judge**.

- - - - - - - - - - - - - - - - - - - -X

MICHAEL BAGUER,

        *Plaintiff-Appellant*,

        -v.-                                         10-3179-cv

SPANISH BROADCASTING SYSTEMS, INC.,

        *Defendant-Appellee*,
- - - - - - - - - - - - - - - - - - - -X

---

[*]The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**    Jerry S. Goldman
                      Anderson Kill & Olick, P.C.
                      New York, NY


**FOR APPELLEES:**    William C. Zifchak
                      Carlos L. Lopez
                      Kaye Scholer LLP
                      New York, NY


Appeal from two judgments by the United States District Court for the Southern District of New York (Sullivan, J.), one denying Appellant's motion to supplement the record, and the other granting Appellee's motion for summary judgment and entering judgment for Appellee on all claims.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgments are **AFFIRMED**.

Michael Baguer appeals from an order by the district court denying his motion to supplement the record and from an order by the district court granting summary judgment to Spanish Broadcasting Systems, Inc. ("SBS") on all of Baguer's claims, including those under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's denial of a motion to supplement the record for abuse of discretion. See Allied Mar., Inc. v. Descatrade SA, 620 F.3d 70, 76 (2d Cir. 2010). Likewise, we review a district court's denial of an evidentiary hearing for abuse of discretion. Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000). We review de novo a district court's grant of summary judgment for the defendant. Aulicino v. N.Y.C. Dep't of Homeless Servs., 580 F.3d 73, 79 (2d Cir. 2009).

A district court abuses its discretion regarding a discovery request only "when the action taken was improvident and affected the substantial rights of the

parties." Wills v. Amerada Hess Corp., 379 F.3d 32, 51 (2d Cir. 2004) (internal quotation marks omitted). Baguer made neither showing in his appeal to this Court. Moreover, the district court did not abuse its discretion in declining to hold a hearing on the matter because the insufficiency of Baguer's motion was clear on the record.

The district court granted summary judgment to SBS on Baguer's ADEA claim because it concluded that Baguer failed to establish a prima facie case of discrimination under the McDonnell Douglas framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (establishing burden-shifting framework for Title VII claims); D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 195-96 (2d Cir. 2007) (applying McDonnell Douglas framework to ADEA claims). The district court concluded that Baguer established a prima facie case of race discrimination, but it still granted summary judgment to SBS on Baguer's Title VII claim because Baguer failed to raise a genuine issue of fact as to the validity of SBS's proffered nondiscriminatory reason for terminating Baguer. While this Circuit has previously suggested that a difference in age of eight years or can be sufficient to raise an inference of age discrimination, see e.g., D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 195 (2d Cir. 2007) (per curiam), we need not resolve whether Baguer has established such a prima facie case here because both his Title VII and ADEA claims are doomed by his failure to rebut the nondiscriminatory rationale SBS articulated for terminating him.

SBS produced testimonial and documentary evidence of Baguer's poor job performance. Baguer failed to refute this evidence and also failed to produce *any* non-conclusory evidence (circumstantial or direct) that would support a rational finding that "more likely than not" discrimination was the real reason for his termination. Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000). We therefore affirm the district court's grant of summary judgment to SBS on Baguer's Title VII and ADEA claims.

The district court granted summary judgment to SBS on all of Baguer's state law claims. While Baguer mentions these claims in the last two pages of his brief, he fails to make any meaningful argument that the district court erred

3

in rejecting them on summary judgment.  To the extent that his appeal on these claims is not resolved by our affirming the district court's grant of summary judgment to SBS on his federal claims, he waived them by insufficiently arguing them in his brief.  Design Strategy, Inc. v. Davis, 469 F.3d 284, 300 (2d Cir. 2006) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)).  We therefore affirm the district court's grant of summary judgment to SBS on the remainder of Baguer's claims.

     For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED**.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK