Al-Qadaffi v. Services for the Underserved, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
WAJID AL-QADAFFI,
        Plaintiff-Appellant,

        -v.-                       15-815

SERVICES FOR THE UNDERSERVED, ET AL.,
        Defendants-Appellees,

WHOOPI GOLDBERG, ET AL.,
        Defendants.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Wajid Al-Qadaffi, pro se, Bronx, NY.

1

**FOR SUS APPELLEES:**       Mary Ellen Donnelly and Robert M. Tucker, Putney, Twombly, Hall & Hirson LLP, New York, NY.

**FOR CITY APPELLEES**:       Richard Dearing, <u>for</u> Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Wajid al-Qadaffi, <u>pro se</u>, appeals from the judgment of the United States District Court for the Southern District of New York (Pauley, <u>J</u>.) dismissing his amended complaint for failure to state a claim. Al-Qadaffi raised claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans with Disabilities Act, as well as constitutional claims under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> a district court's dismissal of a complaint for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. <u>Ahlers v. Rabinowitz</u>, 684 F.3d 53, 60 (2d Cir. 2012). A complaint filed <u>pro se</u> is liberally construed and held to a less stringent pleading standard than one filed by counsel. <u>Id.</u>

We affirm for substantially the reasons stated by the district court in its January 30, 2015 opinion. We separately consider two of al-Qadaffi's arguments on appeal.

Al-Qadaffi contends that dismissal of his age discrimination claim was error because he alleged that only one individual over the age of 55 had been hired by Services for the Underserved during the relevant period. But al-Qadaffi does not allege the ages of the people hired instead of him or any other facts from which a court could draw a plausible inference of discrimination. <u>See</u> <u>D'Cunha v. Genovese/Eckerd Corp.</u>, 479 F.3d 193, 195 (2d Cir. 2007).

2

As to al-Qadaffi's disparate impact claim: he alleges that Services for the Underserved's Brooklyn Clubhouse has a policy of not hiring people who were members of the Clubhouse, and that all Clubhouse members were disabled.  He does not allege that the Clubhouse has a policy or practice against hiring non-members who have disabilities.  Al-Qadaffi's threadbare allegation does not give rise to a plausible inference that the Clubhouse has a policy that adversely impacts disabled applicants.  See Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 574-75 (2d Cir. 2003).

Accordingly, and finding no merit in al-Qadaffi's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
