*Clawson v. The City of Albany Department of Fire & Emergency*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> MYRNA PÉREZ,
> *Circuit Judges*.

_____

JEREMY CLAWSON,

> *Plaintiff-Appellant*,

> v.                                                                              23-482

THE CITY OF ALBANY DEPARTMENT OF FIRE & EMERGENCY, A Department of the City of Albany, AKA Albany Fire Department,

> *Defendant-Appellee*.[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:               Patrick Sorsby, Law Office of Patrick Sorsby, Albany, NY.

For Defendant-Appellee:               Abigail W. Rehfuss, The Rehfuss Law Firm, Latham, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jeremy Clawson appeals from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*), which dismissed on summary judgment his claims for race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"), as well as his claims for disability discrimination under the Americans with Disabilities Act of 1990 ("ADA") and the NYSHRL. Clawson has been an employee of Defendant-Appellee Albany Fire Department ("AFD") since 1993, serving as a firefighter until his promotion to lieutenant in 2005 and then as a lieutenant until he was promoted to captain in 2010. In 2019, Clawson was offered a provisional promotion to battalion chief, the third highest-ranking position at the AFD, that was to take effect after a swearing-in ceremony. Shortly before the ceremony, Clawson was drinking, while off duty, and became so intoxicated that first responders found him "incoherent with his pants down around his ankles" and with feces on him. JA-1210, ¶ 9. The AFD subsequently rescinded Clawson's promotion offer. On appeal, Clawson challenges the district court's summary judgment determination, arguing that he sufficiently established his claims for race discrimination. For the reasons set forth below, we disagree and affirm the district court's judgment. We assume the

2

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

Clawson argues that the district court, in ruling on the AFD's motion for summary judgment, ignored several key pieces of evidence and resolved multiple issues of fact in the AFD's favor. We review a district court's grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in h[is] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). Summary judgment is appropriate where there is "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (citations omitted). Here, the record supports the district court's determination that the AFD was entitled to summary judgment on Clawson's race discrimination claims.[1]

Section 703(a)(1) of Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). At the summary judgment stage, race discrimination claims under Title VII and the NYSHRL are subject to the *McDonnell Douglas* burden-shifting framework. *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). First, the plaintiff must "establish a *prima facie* case of discrimination by showing that: (1) []he is a member of a protected class; (2) []he is

---

[1] While Clawson purports to challenge the district court's dismissal of his disability-related claims under the ADA and the NYSHRL, his briefing on appeal does not address either of those claims. Therefore, Clawson has abandoned any challenge to the dismissal of these claims. *See Gordon v. Softech Int'l, Inc.*, 726 F.3d 42, 47 n.1 (2d Cir. 2013).

qualified for h[is] position; (3) []he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). If the plaintiff makes that "*de minimis*" showing, *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 (2d Cir. 2001), "the defendant may rebut that showing by articulating a legitimate, non-discriminatory reason for the employment action," *Weinstock*, 224 F.3d at 42. "[F]ollowing the defendant's proffer of a justification, a plaintiff need only show that the defendant was in fact motivated at least in part by the prohibited discriminatory animus." *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 156 (2d Cir. 2010). "Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000).

Based on our independent review of the record, we conclude that Clawson established a *prima facie* case of race discrimination. First, Clawson, as an African-American employee, is a member of a protected class. Second, Clawson met his "minimal" burden of presenting evidence that he "possesses the basic skills necessary for performance of the" battalion chief position. *Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d 128, 136 (2d Cir. 2016) (citations omitted). Third, the recission of Clawson's promotion offer constitutes an adverse employment action. *See Beyer v. County of Nassau*, 524 F.3d 160, 163–64 (2d Cir. 2008). Consistent with our precedent that "[i]n addition to terminations of employment and demotions, failure to promote . . . may also qualify as [an] adverse action[]," *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 269 (2d Cir. 2023), Clawson produced evidence from which a reasonable jury could find that his base pay and benefits would have been greater as battalion chief than as captain, *see Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). Finally, Clawson's allegation that he was "replace[d] . . . with an

4

individual outside [his] protected class" is sufficient to raise an inference of discrimination at the initial *prima facie* stage. *Littlejohn v. City of New York*, 795 F.3d 297, 312–13 (2d Cir. 2015); *see also D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 195 (2d Cir. 2007) (holding that plaintiff's allegation that "one of the individuals who was offered [the] position was eight years younger than [plaintiff]" was "significant enough to support an inference in [plaintiff]'s favor").

The AFD, however, has articulated a legitimate, non-discriminatory rationale for rescinding Clawson's promotion offer. Before he was slated to become battalion chief, Clawson consumed at least seven pints of beer, JA-1209, ¶ 5, and proceeded to "expos[e] himself" outside of a Dunkin' Donuts, JA-1210, ¶ 8, prompting first responders to call an ambulance for "a very old male who [was] highly intoxicated and . . . pooped on himself," JA-1211, ¶ 13, and who was "incoherent with his pants down around his ankles," JA-1210, ¶ 9. Following that incident, the AFD determined that Clawson's promotion to battalion chief would undermine the AFD's internal morale and its public perception, as well as Clawson's effectiveness as a leader. In these circumstances, the AFD has stated a sufficient, non-discriminatory rationale for the adverse employment action.

Clawson, on the other hand, has failed to produce sufficient evidence showing either that the AFD's proffered reason was false, or more generally, that discrimination was the real reason for the rescission. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515–16 (1993). In an attempt to convince us otherwise, Clawson argues that the district court misconstrued or ignored four pieces of evidence that purportedly establish that the AFD's real reason for the rescission was discrimination. Based on our review of the record, we hold that none of Clawson's evidence raises a material issue of fact such that a reasonable jury could conclude that race "was at least one

5

of the . . . factors" motivating the rescission. *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) (citations omitted).

First, Clawson argues that the circumstances of his meeting with the AFD, in which his promotion offer was rescinded, are indicative of discriminatory animus. Specifically, Clawson points to evidence in the record that the chief of the AFD, Joseph Gregory, requested the presence of a police officer at the meeting and then explained that the police officer was there because "[y]ou never know how people are going to react to bad news." JA-1202, ¶ 14. Clawson contends that Gregory's request for a police officer to be present at the meeting—and his explanation for the request—reflects the AFD's stereotypical and discriminatory view that "black men are dangerous." Appellant's Br. at 22. Under the circumstances here, a reasonable jury could not infer from this evidence that Gregory's actions were related to Clawson's race.

Second, Clawson contends that the AFD's promotion of Patrick Trippany, a Caucasian employee, constitutes disparate treatment. "Under Title VII, discriminatory intent can be shown . . . by showing disparate treatment among similarly situated employees." *Radwan v. Manuel*, 55 F.4th 101, 132 (2d Cir. 2022). To establish disparate treatment, Clawson must "show[] that [the AFD] treated [him] less favorably than a similarly situated employee outside his protected group." *Ruiz v. County of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010) (internal quotation marks and citation omitted). The "similarly situated" standard requires that Clawson and his comparator—Trippany, in this case—were "subject to the same performance evaluation and discipline standards" and that they "engaged in comparable conduct." *Id.* at 493–94 (citation omitted). We agree with the district court that Clawson was not similarly situated to Trippany. Trippany was promoted to captain in April 2020, years after he was arrested and charged with an aggravated DWI in 2017. Clawson, in contrast, engaged in misconduct days before he was slated to become

6

battalion chief.   Only in Clawson's case, then, was the AFD faced with the prospect of promoting an employee who had just publicly humiliated himself and the AFD.   Moreover, Clawson was slated for promotion to a more senior position (battalion chief), which involved being a shift commander in charge of several field companies and members of the AFD.   As such, Clawson has not established that the circumstances of Trippany's promotion were so similar "so as to give at least minimal support to [Clawson's] claims that the [rescission] may have been based on race . . . discrimination."   *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001).   And, in any event, Clawson fails to establish a genuine issue of material fact as to whether he was treated less favorably than Trippany, even assuming they were similarly situated.

Third, Clawson argues that the falsity of the AFD's non-discriminatory rationale is evidenced by the fact that he "was . . . better qualified than the person chosen for the [battalion chief] position."   *Patterson v. McLean Credit Union*, 491 U.S. 164, 187–88 (1989), *superseded on other grounds by* 42 U.S.C. § 1981(b).   This argument is insufficient to raise an issue for trial. As evidence of his allegedly superior qualifications, Clawson points only to the fact that the person ultimately selected to be battalion chief, Captain Kowalski, scored second on the civil service exam after Clawson.   Clawson thus ignores the undisputed record evidence that he engaged in an act of misconduct only days before his planned promotion.   And Clawson does not even contend— nor could he, on the record before us—that Kowalski committed acts of misconduct or otherwise misbehaved during his tenure at the AFD.   Therefore, Clawson has failed to present sufficient evidence that the AFD's decision to promote Kowalski, whose score on the civil service exam placed him next in line for the battalion chief position, was motivated by race discrimination.

Finally, Clawson attempts to establish the falsity of the AFD's reasons "by demonstrating . . . inconsistencies . . . in the [AFD]'s proffered legitimate, [non-discriminatory] reasons for its

action." *Zann Kwan*, 737 F.3d at 846. This argument is without merit, as the record does not reveal any inconsistencies in the AFD's explanations for rescinding the promotion offer. At most, the record evidence suggests that, in the context of inviting Clawson to apply for another promotion several months later, the AFD provided him with additional details about the rescission. Specifically, Gregory explained that he "wanted to have [Clawson] promoted to Battalion Chief" but that he "kind of got pressured on one side" to rescind the offer. JA-573–74, ¶ 8. Nothing about that comment is inconsistent with the AFD's initial explanation that the recission was due to Clawson's misconduct. Nor is that rationale "incompatible with the explanation that [the AFD] urges here," *Hua Lin v. N.Y. State Dep't of Lab.*, 720 F. App'x 89, 91 (2d Cir. 2018) (summary order): that Clawson's promotion offer was rescinded because he engaged in conduct unbecoming of a battalion chief.

No reasonable jury could discern from this record, taken as a whole, that the AFD rescinded Clawson's promotion offer due to his race. Accordingly, the district court properly dismissed Clawson's race discrimination claims.

\*     \*     \*

We have considered Clawson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8