08-6071-cv
Shapiro v. New York City Department of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS  COURT'S
LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS
COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC
DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

    At a stated term of the United States Court of Appeals for the Second Circuit, held
at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York,
on the 11th day of March , two thousand ten.

PRESENT:
        JOSEPH M. McLAUGHLIN,
                *Circuit Judge,*
        KIMBA M. WOOD, *
                *District Judge.***

_____

Diana Hrisinko,

    *Plaintiff-Appellant*,

Josefina Cruz, Andrea Shapiro, Diana Lee Friedline, Ismael Diaz, Anthony Ferraro,
Elaine Jackson, Midge Maroni, David McMullen, Ram Narine, Geraldine
Whittington, Gloria Chavez, Fitzroy Kington, Erica Weingast,

    *Plaintiffs*,

            v.                                08-6071-cv

_____

    * Kimba M. Wood, Senior Judge of the United States District Court for the
Southern District of New York, sitting by designation.

    ** The Honorable Rosemary S. Pooler, originally a member of the panel, did not
participate in consideration of this appeal.  The two remaining members of the panel, who
are in agreement, have determined the matter.  *See* 28 U.S.C. § 46(d); 2d Cir. Internal
Operating Procedure E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

New York City Department of Education, Graphic Communication Arts High School, Jerod Resnick, Dominic Cipollone, Edward Demeo, Jacqueline Kennedy Onassis High School, M.S. 219, Eric Brand, Judith Silverman,

     *Defendants-Appellees.*

_____

For Appellant:                      DIANA HRISINKO, *pro se*, New York, N.Y.

For Appellees:                     MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, New York, N.Y

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Plaintiff-Appellant Diana Hrisinko, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*), granting summary judgment to the Defendants-Appellees and dismissing Appellant's complaint brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment of the Constitution, actionable through 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded there was no genuine issue as to any material fact and

2

the moving party was entitled to judgment as a matter of law. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-03 (2d Cir. 1995).[1]

As an initial matter, we note that Appellant has not challenged the dismissal of her § 1983 claim against the New York City Department of Education on the ground that her principal did not have final policymaking authority. Thus, we affirm this dismissal. *See Losacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against an employee with regard to compensation, terms, conditions, or privileges of employment because of age.[2] *See* 29 U.S.C. § 623(a)(1). Historically, this Court has applied the burden-shifting framework of *McDonnell-Douglas* to ADEA claims. *See, e.g.*, *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194-95 (2d Cir. 2007) (per curiam). The Supreme Court recently held that under the plain language of the ADEA, an employee bringing a disparate treatment claim must prove by a preponderance of the evidence that age was the "but-for" cause behind the employer's adverse decision, and not merely one of the motivating factors. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343 (2009). The Supreme Court noted that it had "not definitively decided whether the evidentiary framework of [*McDonnell Douglas*], utilized in Title VII cases is appropriate in the ADEA context," *id*. at 2349 n.2, and did not apply its burden-shifting framework in holding that the ADEA does not authorize a "mixed-motives age discrimination claim," *id*. at 2350-52. In a recent opinion, this Court held that, although

---

[1] Appellant's motions to add legal precedents and to file a supplemental reply brief are GRANTED. We consider only the evidence submitted by Appellant that was before the district court.

[2] The district court concluded that Appellant's equal protection claim brought pursuant to § 1983 is not preempted by the ADEA, and that her remaining § 1983 claim is properly analyzed under the same standards as a claim made pursuant to the ADEA. *Shapiro v. New York City Dept. of Educ.*, 561 F. Supp. 2d 413, 419-20, 422 n.2 (S.D.N.Y. 2008). The parties do not challenge either of these conclusions on appeal. Accordingly, our analysis of Appellant's ADEA claims, *infra*, also applies to Appellant's remaining § 1983 claim.

3

*Gross* changed the latter part of the *McDonnell Douglas* formulation "by eliminating the mixed-motive analysis that circuit courts had brought into the ADEA from Title VII cases," this Court remained bound by the burden-shifting framework previously employed in this Circuit. *See Gorzynski v. Jetblue Airways Corp.*, – F.3d –, 2010 WL 569367, at *11 (2d Cir. Feb. 19, 2010).

If a plaintiff alleges a *prima facie* case of discrimination and the employer demonstrates a legitimate, non-retaliatory reason for the challenged employment decision, the plaintiff must present evidence that would be sufficient to permit a rational jury to conclude that the employer's explanation is merely a pretext for impermissible discrimination. *Id.* at *10. In order to establish a *prima facie* case of discrimination, a plaintiff must show that: (1) she was within the protected age group; (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination. *See Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000).

Appellant challenges the district court's conclusion that she failed to establish an adverse employment action under the ADEA. An adverse employment action occurs when there is a "materially adverse change" in the terms and conditions of employment. A materially adverse change must be "'more disruptive than a mere inconvenience or an alteration of job responsibilities,'" and can include "'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation.'" *See Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir. 2000) (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Indiana*, 993

4

F.2d 132, 136 (7th Cir. 1993)).  In *Galabya*, an excessed teacher was transferred to a different high school and was assigned a position teaching mainstream keyboarding, despite the fact that his previous teaching experience had been in special education.  *Id.* at 638-39.  This Court found that the transfer did not constitute an adverse employment action because he could not demonstrate that the change in responsibilities was a "setback to his career."  *Id.* at 641.

Here, although Appellant's salary and benefits would have remained the same had she continued teaching at Graphic Communications Arts High School ("GCA"), she would have remained in the position of a substitute teacher — arguably a less distinguished title, involving diminished responsibilities — indefinitely, and there is no evidence that GCA would have attempted to find her a more permanent position.  Thus, it appears that the only way Appellant could obtain a more permanent position was to seek employment elsewhere.  In doing so, Appellant terminated her probationary period, causing her to lose the opportunity to receive tenure at GCA.  Whether Appellant remained a substitute teacher or left to obtain a more permanent position, Appellant faced changes in the terms and conditions of her employment that rise to the level of an adverse employment action.  *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 116-17 & n.3 (2d Cir. 2004) (assuming, without holding, that the termination of a probationary period was an adverse employment action in the employment discrimination context).  Because, as the district court concluded, the plaintiffs in this case collectively introduced evidence sufficient to create an inference of discrimination, 561 F. Supp. 2d at 425, Appellant has set forth a *prima facie* case of age discrimination.

Defendants argue that they have articulated a legitimate, business reason for their decision to excess Appellant. They state that because of staff reductions due to a reduced student population there was no longer any demand for an instructor teaching under a Cold Type Composition license. Even assuming this is sufficient evidence on summary judgment to demonstrate a legitimate business reason for excessing Appellant, construing the facts in the light most favorable to Appellant, her assertion that several younger teachers had recently been hired at the time she was excessed could demonstrate that defendants' reasons were, in fact, pretextual.[3] Thus, Appellant's ADEA and equal protection claims are remanded to the district court for further proceedings.

We have considered Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part for further proceedings in accordance with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] We note that the district court, in finding summary judgment inappropriate as to a co-plaintiff's discrimination claim, appears to have credited the allegation that "defendants have sought only to select and promote employees with newer teaching licenses (Commercial Art rather than Cold Type Composition), and that this adversely affects older employees, because only individuals over age 40 are likely to possess a Cold Type License." 561 F. Supp. 2d at 426.