09-3048-cv
Hogan v. J.P. Morgan Chase Bank

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand ten.

PRESENT:   JOHN M. WALKER, JR.
           REENA RAGGI,
           PETER W. HALL,
                     *Circuit Judges.*[*]

-----------------------------------------------------------------------
CATHERINE HOGAN,
                     *Plaintiff-Appellant*,

             v.                                    No. 09-3048-cv

J.P. MORGAN CHASE BANK,
                     *Defendant-Appellee*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        STEPHEN N. PREZIOSI, New York, New York.

APPEARING FOR APPELLEE:         FREDERIC L. LIEBERMAN, JPMorgan Chase Legal & Compliance Department, New York, New York.

---

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. After oral argument, Judge John M. Walker, Jr. was selected to join the panel in accordance with Second Circuit Internal Operating Procedure E(b).

Appeal from the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on June 15, 2009, is AFFIRMED.

Plaintiff Catherine Hogan appeals from an award of summary judgment in favor of her former employer, defendant JPMorgan Chase Bank, N.A. ("Chase"), on her claims brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. We review a summary judgment ruling de novo, viewing the facts in the light most favorable to the non-moving party. See Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d Cir. 2008). While we will not uphold an award of summary judgment in favor of Chase if the evidence is sufficient to permit a reasonable jury to find for Hogan, she must point to more than a "scintilla" of evidence in support of her claim to defeat summary judgment. See id. (internal quotation marks omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In applying these principles to this appeal, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We affirm for substantially the reasons stated in the district court's thorough and well-reasoned opinion. See Hogan v. J.P. Morgan Chase Bank, No. 05 Civ. 5342, Memorandum and Order (E.D.N.Y. June 15, 2009). We write briefly only to explain our independent

2

determination that Hogan has adduced no evidence sufficient to permit a reasonable jury to conclude that Chase discriminated against her on the basis of age.

1.    Hostile Work Environment

Hogan's hostile work environment claim is time-barred.  Any act giving rise to such a claim necessarily occurred on or before August 5, 2004, the date Hogan began medical leave.  Hogan did not file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") until June 13, 2005, more than 300 days later, making her hostile work environment claim untimely.[2]  See 29 U.S.C. § 626(d)(1)(B) (requiring aggrieved employee to file administrative charge of discrimination within 300 days of occurrence of challenged employment practice); see also Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237-38 (2d Cir. 2007).

While Hogan contends that equitable tolling renders her claim timely, we are not persuaded.  Equitable tolling applies "where a plaintiff has been prevented in some extraordinary way from exercising h[er] rights." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996) (internal quotation marks omitted).  Assuming arguendo that Hogan's illness might constitute such an extraordinary circumstance, equitable tolling is not warranted, as

---

[2] We are not persuaded that the district court erred in construing Hogan's ADEA claim as comprising separate hostile work environment and constructive termination claims. Although Hogan contends that her interaction with Chase human resources staff during her internal job search and her constructive termination were part of an ongoing hostile work environment, there is insufficient evidence in the record from which a reasonable jury could conclude that the action of the Chase employees responsible for arranging interviews was motivated by a discriminatory animus.

3

Hogan was capable of returning to work in February 2005, and she offers no justification for failing to file an EEOC charge at that time or at the time of her constructive termination two months later. See Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d Cir. 2008) (requiring employee seeking equitable tolling of ADEA limitations period to "act[] with reasonable diligence during the time period she seeks to have tolled" (internal quotation marks omitted)); Holowecki v. Fed. Express Corp., 440 F.3d 558, 563 (2d Cir. 2006) ("ADEA time limits are not to be disregarded by courts out of a vague sympathy for particular litigants." (internal quotation marks omitted)).

2.   Constructive Termination

In challenging the district court's award of summary judgment on her constructive termination claim, Hogan submits that Chase failed to articulate a legitimate non-discriminatory reason for its failure to assist her in obtaining a new job position, its burden under the second step of analysis pursuant to McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010); D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 194-95 (2d Cir. 2007). Even assuming that Hogan established prima facie age discrimination in her constructive termination, Chase carried its burden by adducing evidence demonstrating that, under Chase's disability leave policy, an employee who remains on disability leave longer than twelve weeks but less than twenty-six weeks forfeits her job protection rights and can reclaim her old position only if it has not been filled. If the position has been filled, the employee is "eligible to conduct

4

[her] own 60-day internal job search." Failure to secure another position within the relevant time period, however, results in termination. Neither party disputes that Hogan remained on disability leave longer than twelve weeks, that her position was filled after she lost her job protection rights, and that she failed to obtain another position with Chase during the 60-day job search period. Under these circumstances, Chase's disability leave policy provides a legitimate non-discriminatory justification for Hogan's constructive termination. As Hogan points to no evidence indicating that persons younger than she were hired for the positions she identified but did not obtain, or that Chase's human resources staff denied her opportunities to interview for open positions as a result of age-based animus, no reasonable juror could conclude that the disability leave policy was a pretext for discrimination, and that Hogan's age was the "but-for" cause of her constructive termination. See Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2352 (2009) (requiring plaintiff asserting disparate-treatment claim under ADEA to establish that age was "but-for" cause of alleged adverse employment action and not merely contributing or motivating factor); see also Gorzynski v. JetBlue Airways Corp., 596 F.3d at 106. Accordingly, we affirm the award of summary judgment in Chase's favor.[3]

---

[3] Although Hogan asserts that the relevant adverse employment action was Chase's failure to assist her in securing another job, rather than its decision to terminate her, the disability leave policy makes clear that an employee's internal job search is "[her] own." Further, Hogan points to no evidence indicating that Chase's practice was to assist others, particularly those younger than Hogan, in obtaining further employment. Accordingly, the argument is without merit.

While some circuits have recognized a "cat's paw" theory of liability in employment

3.    Conclusion

We have considered Hogan's remaining arguments on appeal and conclude that they are without merit.  For the foregoing reasons, the June 15, 2009 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

discrimination cases, see, e.g., Roberson v. Alltel Info. Servs., 373 F.3d 647, 653 (5th Cir. 2004) ("To invoke the cat's paw analysis, [a plaintiff] must submit evidence sufficient to establish two conditions: (1) that a co-worker exhibited discriminatory animus, and (2) that the same co-worker possessed leverage, or exerted influence, over the titular decisionmaker." (internal quotation marks omitted)); cf. Ricci v. DeStefano, 129 S. Ct. 2658, 2688-89 (2009) (Alito, J., concurring) (citing cases and noting that the Supreme Court has never resolved "the circumstances in which an employer may be held liable based on the discriminatory intent of subordinate employees who influence but do not make the ultimate employment decision"), we have no occasion to consider the applicability of that theory to the facts of this case.  It was not explicitly argued, nor were facts developed to demonstrate a link between evidence of Dennis Chuang's age-based discriminatory animus and Hogan's post-illness interview schedule set-up by Nancy Panetta.