Wade v. New York City Department of Education et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
JACQUELINE WADE,
         Plaintiff-Appellant,

         -v.-                                    14-1201

NEW YORK CITY DEPARTMENT OF EDUCATION
& CITY OF NEW YORK,
         Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, New York.

FOR APPELLEES:          Jonathan Popolow (with Cecelia Chang on the brief) for Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

1

**FOR AMICUS CURIAE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**     Donna J. Brusoski, P. David Lopez, Jennifer S. Goldstein & Lorraine C. Davis, Equal Employment Opportunity Commission, Office of General Counsel, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jacqueline Wade appeals from the judgment of the United States District Court for the Southern District of New York (Schofield, <u>J.</u>), granting summary judgment in favor of defendants-appellees on her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), the Age Discrimination in Employment Act of 1976 ("ADEA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Because Wade's complaint is devoid of any allegations against the City of New York, all claims against the City of New York were properly dismissed.  Title VII, the ADEA, and the ADA require a plaintiff to file a notice with the EEOC within 300 days of an alleged adverse action.  <u>See</u> <u>Petrosino v. Bell Atlantic</u>, 385 F.3d 210, 219 (2d Cir. 2004) (Title VII); <u>Harris v. City of New York</u>, 186 F.3d 243, 247 (2d Cir. 1999) (ADA); <u>Hodge v. N.Y. Coll. of Podiatric Med.</u>, 157 F.3d 164, 166 (2d Cir. 1998) (ADEA).  Wade's EEOC notice was filed exactly 300 days after her termination; accordingly, Wade's claims arising out of pre-termination conduct are untimely, as the district court ruled.  "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."  <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113 (2002).  The district court was similarly correct to grant summary judgment on Wade's NYSHRL and NYCHRL claims because Wade filed those claims outside the prescribed one-year statute of limitations applicable to claims against these defendants.  <u>See</u> N.Y. EDUC. Law § 3813 2-b.

Wade's failure-to-accommodate claim based on her inability to procure a chair with lumbar support fails because nothing in the record shows that Wade put her employer on notice of her foot surgery with the requisite medical documentation.  See McBride v. BIC Consumer Prods. Mfg. Co. Inc., 583 F.3d 92, 97 (2d Cir. 2009).

Wade's only remaining claims are her Title VII, ADEA, and ADA claims stemming from her termination of her probationary employment.  For all three claims, the burden-shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973) applies.  See McBride, 583 F.3d at 96 (ADA); D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 194-95 (2d Cir. 2007) (ADEA); Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (Title VII).  Here, defendants have articulated a "legitimate, nondiscriminatory reason" for Wade's termination--namely reports that Wade verbally abused students, reports that were eventually substantiated by the Chancellor's Office of Special Investigation.  McDonnell Douglas, 411 U.S. at 802.  Wade's failure to adduce evidence that this proffered explanation was pretextual is fatal to all three claims.  The EEOC, in an amicus brief, argues powerfully that Wade's breast cancer constitutes a disability under the ADA, and indeed Wade would qualify under the ADA even if the employer perceived her as disabled.  But that, like Wade's disagreement with the findings of the investigation, is immaterial.  See McPherson v. New York City Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case, however, we are decidedly not interested in the truth of the allegations against plaintiff.  We are interested in what 'motivated the employer'; the factual validity of the underlying imputation against the employee is not at issue." (emphasis in original) (citation omitted) (quoting U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983))).

For the foregoing reasons, and finding no merit in Wade's other arguments, we hereby **AFFIRM** the judgment of the district court.


                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, CLERK