17-4013
*Rakowsky v. Nielsen*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED B Y FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of December, two thousand eighteen.

PRESENT:
　　　　ROBERT A. KATZMANN,
　　　　　　*Chief Judge*,
　　　　GUIDO CALABRESI,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　*Circuit Judges*.

_____

ANDREW RAKOWSKY,

　　　　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　No. 17-4013

KIRSTJEN M. NIELSEN, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,

　　　　　　*Defendant-Appellee*.

_____

For Plaintiff-Appellant:　　　　　　　Lawrence A. Berger, Mahon & Berger, Glen Cove, New York.

1

For Defendant-Appellee:    Karen Folster Lesperance, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Andrew Rakowsky appeals from an award of summary judgment in favor of Defendant-Appellee Kristjen M. Nielsen, Secretary of the U.S. Department of Homeland Security ("DHS") on his claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*[1] We assume familiarity with the record of proceedings before the district court and hereby affirm its judgment.

On appeal, Rakowsky contends that the district court erred in concluding that he failed to make out a *prima facie* case for either age discrimination or retaliation because he failed to introduce evidence sufficient to create a genuine dispute of material fact on the question whether he suffered any adverse employment action. We review a district court's award of summary

---

[1] In the preamble to his complaint, Rakowsky indicated that he was bringing claims for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) ("Title VII"). The claims in the body of his complaint asserted only violations of the ADEA. In any event, we analyze retaliation claims under Title VII and ADEA using the same standards. *See Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (We analyze ADEA claims "under the same framework as claims brought pursuant to Title VII." (internal citation omitted)).

2

judgment *de novo*, viewing all facts in the light most favorable to the non-moving party. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).[2]

Claims brought under the ADEA are governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). Under this framework, a "plaintiff must prove by a preponderance of the evidence a *prima facie* case" of discrimination or retaliation. *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 195 (2d Cir. 2007). "A *prima facie* case of age discrimination requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). To make out a *prima facie* case of retaliation, a plaintiff must provide evidence of "(i) conduct by the plaintiff that is protected activity . . . ; (ii) of which the employer was aware; (iii) followed by an adverse employment action . . . ; (iv) that was causally connected to the protected activity." *Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014). The burden of establishing a *prima facie* case of either age discrimination or retaliation is minimal. *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006).

Upon an independent review of the record, viewing all evidence in the light most favorable to Rakowsky, we agree with the district court that he has not established a *prima facie* case for age discrimination or retaliation under the ADEA. Rakowsky complains of not receiving a handful of emails and so not having the opportunity to volunteer for a specific detail, and not being selected for a one-day supervisory assignment. As the District Court articulated in its comprehensive opinion of October 25, 2017, these few isolated events are not, alone or in

---

[2] Unless otherwise indicated, all subsequent case quotations omit all internal quotation marks, alterations, footnotes, and citations.

3

combination, materially adverse employment actions in either the discrimination or retaliation contexts. *See Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011).

We have considered all of Rakowsky's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4